IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CAROL A. JENSEN, Individually and as    )
Personal Representative of the Estate of  )           8:08CV414
Joan Bodnar, Deceased,                   )
                                         )
              Plaintiff,                  )
                                         )           MEMORANDUM AND ORDER
       v.                                )
                                         )
PFIZER, INC., a Corporation,             )
                                         )
              Defendant.                 )
_____  )

        This matter is before the court on the defendant's motion to dismiss, Filing No. 14.

This is a products liability personal injury and wrongful death action that was removed from

state court.  *See* Filing No. 1, Notice of Removal, Ex. A, Complaint.  Jurisdiction is premised

on diversity of citizenship.  28 U.S.C. § 1331.

        In her complaint, the plaintiff, as personal representative for the Estate of Jan Bodnar,

asserts state law claims for negligence, strict products liability, fraudulent misrepresentation,

fraudulent concealment, and negligent misrepresentation or concealment.  She premises

these claims on the defendant's "design, manufacture, testing, marketing, advertising,

promotion, and/or distribution of the unsafe prescription drug varenicline, which is sold by

defendant under the trade name Chantix (Chantix) as an aid to quit smoking."  Filing No. 1,

Ex. A, Complaint at 1.  She alleges that the decedent committed suicide after taking the drug.

*Id.* at 2.

        The defendant contends that the complaint fails to state a claim for relief and the

plaintiff failed to plead fraud with sufficient particularity under Fed. R. Civ. P. 9(b).  The

defendant also contends that the plaintiff cannot bring a wrongful death claim in her

individual capacity under Nebraska law.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Id.* at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief,

the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at 558.

Under the Federal Rules, a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The rule is interpreted "'in harmony with the principles of notice pleading,' and to satisfy it, the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (*quoting Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir. 2002)). Essentially, the complaint "must plead the 'who, what, where, when, and how' of the alleged fraud.'" *Drobnak,* 561 F.3d at 783 (*quoting United States ex rel. Joshi v. St. Luke's Hosp.,* 441 F.3d 552, 556 (8th Cir. 2005)). Because this higher degree of notice is intended to enable the defendant to respond specifically and quickly to potentially damaging allegations, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. *Drobnak,* 561 F.3d at 783. Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement, except "when the facts constituting the fraud are peculiarly within the opposing party's knowledge." *Id.* at 783-84 (stating that the rule is satisfied if the allegations are accompanied by a statement of facts on which the belief is founded).

Applying those standards, the court finds that the plaintiff's complaint states a claim for relief. With respect to the alleged fraudulent misrepresentations, the plaintiff alleges that the defendant represented through its labeling, advertising, marketing materials, detail persons, seminar publications, notice letters, and regulatory submissions that the product had been tested and found to be safe and was safer and more efficacious than alternative

medications.  *Id*. at 15.  She alleges that defendant knew the representations to be false and made them with intent to deceive consumers and the medical community.  *Id.*  She also alleges that the defendant concealed adverse information about the drug when it knew or had reason to know that the drug was unreasonably dangerous.  *Id*. at 16.  These allegations are sufficient to put defendant on notice of the claims against it.

Under Nebraska law, a wrongful death action may be brought only in the name of the personal representative on behalf of the decedent's next of kin for their losses arising from the decedent's death including loss of income and present and future loss of society and companionship.  *See* Neb. Rev. Stat. § 30-810; *Spradlin v. Dairyland Ins. Co.*, 641 N.W.2d 634, 638 (Neb. 2002) (stating that the plain language of § 30-810 does not allow for the assignment of a wrongful death cause of action).  In her response to the defendant's motion, the plaintiff states that the action is brought in her capacity as personal representative.  Filing No. 33, Brief at 89.  The court understands the complaint to assert only claims brought as a personal representative of the estate, and not claims by the plaintiff individually.  To the extent that the caption of the case suggests otherwise, it will be disregarded.

IT IS ORDERED:

1.  Defendant's motion to dismiss (Filing No. 14) is denied;

2.  Defendant shall answer or otherwise respond to plaintiff's complaint within 14 days of the date of this order.

DATED this 2nd day of July, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

4